**Nos. 24-7000 (lead), 24-3449, 24-3450, 24-3497, 24-3504, 24-3507, 24-3508, 24-3510, 24-3511, 24-3517, 24-3519, and 24-3538**

**IN THE UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

IN RE: MCP NO. 185; OPEN INTERNET RULE (FCC 24-52)
OHIO TELECOM ASSOCIATION, et al.,
*Petitioners,*
v.
FEDERAL COMMUNICATIONS COMMISSION
and UNITED STATES OF AMERICA,
*Respondents.*

**OPPOSITION TO UNTIMELY MOTION FOR LEAVE TO
FILE AMICUS BRIEF OF UNITED STATES CHAMBER OF
COMMERCE IN OPPOSITION TO MOTIONS TO TRANSFER.**

Petitioner Benton Institute for Broadband & Society ("Benton") respectfully - and very reluctantly - opposes the untimely Motion for Leave to File Amicus Brief of United States Chamber of Commerce in Opposition to Motions to Transfer ("Motion").

Motions to transfer in this proceeding were filed on June 7, 2024 and June 12, 2024. Although responses would ordinarily be due on June 18, 2024 and June 24, 2024, by letter order dated June 13, 2024, the Court shortened time for responses to June 17, 2024. and for replies to June 21, 2024.  Thus, the motion was filed a full week after responses to the transfer motions were due and four days after Benton filed its reply.

At 12:14 pm on June 20, 2024, counsel for the Chamber of Commerce sent an email to counsel in this matter requesting consent to the filing of an amicus brief "in support of the trade association petitioners' opposition to the pending motions to transfer."

At 4:58 pm that day, undersigned counsel responded as follows:

> In more than 50 years of practice, I don't recall ever withholding consent for filing of an amicus pleading.  However, this proceeding is operating under an order that required responses to the transfer motions by last Tuesday, June 18, and for our replies to be filed by tomorrow, June 21.  In fact, we expect to file our reply later today.  This would leave no time for Benton to review, much less respond to your proposed submission.
>
> This presents the unusual situation in which Benton would lack opportunity to address your proposed pleading in its reply.  Moreover, accommodating this out of time filing would delay action on the stay motion in the context of requests for expedition.
>
> For these reasons, Benton Institute, petitioner in No. 24-3507, cannot consent to your request.

One hour later, at 5:59 pm, Benton filed its reply to the opposing parties' opposition.

Benton finds itself in the uncomfortable position of opposing leave to file an amicus brief.  As an organization which sometimes itself files amicus briefs, and which seeks to maintain comity with parties in litigated matters, it takes this step here only because of the unusual circumstances.

Even if a brief in support of a motion were to be regarded as a proper "response," any such pleading must have been filed by June 17, 2024.  Briefing on this motion was completed three days prior to the filing of this motion.  The parties have requested expedited treatment of the pending transfer and stay motions.  Thus, acceptance and consideration of the proposed amicus brief and responses thereto would impede the prompt disposition of the pending motions.

While amicus pleadings are often of great assistance to the Court in deciding the merits of complex matters, that is not the case for an amicus brief supporting a procedural motion, especially one seeking transfer of cases the context of requests for expedition.

Nor is there any sound justification for the late filing that would merit delaying expedited

consideration of the pending transfer motion.  The Chamber of Commerce was well aware of this proceeding, tracked it as an active participant in the rulemaking below (represented by counsel who have appeared in this matter on behalf of one of the petitioners),[1] and, as it represents in its motion, "regularly file amicus briefs...."  Motion, p.2.  Given its large in-house legal capacity and capacity to retain outside counsel, few organizations in the country are as well-equipped to have sought to file in this proceeding in a timely manner.

Finally, this is not a case where this Court has been deprived of all the information and arguments it needs to resolve the transfer motions.  The parties opposing them are represented by a small army of some of the most experienced and prominent practitioner in the bar.  They do not need assistance in presenting their opposition.  There is little or no additional legal or factual information that an amicus can bring to consideration of a transfer motion under 28 U.S.C. §2112(a), and the delay arising from acceptance of such a pleading far outweighs any possible value to the proceeding.

For these reasons, Benton finds itself in the unusual - and uncomfortable - position of respectfully asking that the motion for whatever  be denied, and for all such other relief as may be just and proper.

---

[1]See, Reply Comments, January 19, 2024, available at https://www.fcc.gov/ecfs/document/10116212053578/1, Ex Parte Letter, January 30, 2024, available at https://www.fcc.gov/ecfs/document/101302639911412/1, Ex Parte Letter, October 19, 2023, available at https://www.fcc.gov/ecfs/document/101302639911412/1, Comments, December 14, 2024, available at https://www.fcc.gov/ecfs/document/1214121718819/1. Letter, December 1, 2024, available at https://www.fcc.gov/ecfs/document/1201149101446/1.

Respectfully submitted,

/s/ Andrew Jay Schwartzman

Andrew Jay Schwartzman
525 Ninth Street, NW
Seventh Floor
Washington, DC 20004
(202) 241-2408
AndySchwartzman@gmail.com

June 24, 2024

# CERTIFICATE OF COMPLIANCE

I certify that the foregoing Opposition fill in complies with the type-volume limitations of Federal Rule of Appellate Procedure 27(d)(2) because it contains 766 words.  I further certify that this Motion complies with the typeface requirements of Rule 32(a)(5) and the type-style requirements of Rule 32(a)(6) because it has been prepared in a proportionally spaced typeface using Corel WordPerfect in Times New Roman 14-point font.

Respectfully submitted,

/s/ Andrew Jay Schwartzman

Andrew Jay Schwartzman
525 Ninth Street, NW
Seventh Floor
Washington, DC 20004
(202) 241-2408
AndySchwartzman@gmail.com

June 24, 2024

**CERTIFICATE OF SERVICE**

I certify that on this 24th day of June, 2024, I electronically filed the foregoing Opposition to Untimely Motion for Leave to File Amicus Brief of United States Chamber of Commerce in Opposition to Motions to Transfer  with the Clerk of the Court for the United States Court of Appeals for the Sixth Circuit using the Court's appellate CM/ECF system.  I further certify that service was accomplished on all participants in the case via the Court's CM/ECF system.

Respectfully submitted,

/s/ Andrew Jay Schwartzman

525 Ninth Street, NW
Seventh Floor
Washington, DC 20004
(202) 241-2408
AndySchwartzman@gmail.com