# IN THE UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

| | |
|---|---|
| *In Re: MCP No. 185; Federal Communications Commission, In the Matter of Safeguarding and Securing the Open Internet, Declaratory Ruling, Order, Report and Order, and Order on Reconsideration, FCC 24-52, 89 Fed Reg. 45404, Published May 22, 2024* | Nos. 24-7000 (lead) 24-3449, 24-3450, 24-3497, 24-3504, 24-3507, 24-3508, 24-3510, 24-3511, 24-3517, 24-3519, 24-3538 |

## NATIONAL ASSOCIATION OF REGULATORY UTILITY COMMISSIONERS MOTION TO INTERVENE IN SUPPORT OF RESONDENTS

Pursuant to 28 U.S.C. § 2348 and Rule 15(d) of the Federal Rules of Appellate Procedure, the National Association of Regulatory Utility Commissioners ("NARUC") moves for leave to intervene in support of Respondents the Federal Communications Commission and the United States.

Petitioners seek review of the final order of the Federal Communications Commission captioned *Safeguarding and Securing the Open Internet, Declaratory Ruling, Order, Report and Order, and Order on Reconsideration*, WC Docket Nos. 23-320 & 17-108, FCC 24-52 (released May 7, 2024) ("*Order*"). The *Order* was published in the Federal Register, at 89 Fed.Reg, 45,404, on May 22, 2024. The *Order* reclassifies broadband Internet access service ("BIAS") as a telecommunications service and adopts a set of "Open Internet" rules. *Order* ¶¶ 25-302, 443-648.

NARUC is a quasi-governmental nonprofit organization founded in 1889. For the last 130 years, NARUC has represented the interests of public utility commissioners from agencies in the fifty States, the District of Columbia, Puerto Rico, and the Virgin Islands. NARUC's member commissions include the State agencies engaged in the economic, rate, safety and the reliability regulation of public utilities that provide telecommunications services. NARUC's member commissions must assure that telecommunications services are established and maintained as required by the public convenience and necessity. They must also ensure that these services are provided at rates and conditions that are just, reasonable and non-discriminatory.

The outcome of this appeal will directly impact NARUC's state commission members' operations going forward. The *Order's* return to the classification of BIAS as a "telecommunications service" reanimates reservations of NARUC member commissions' authority specified in 47 U.S.C. § 253. Moreover, in a section captioned "Preemption of State and Local Regulation of Broadband Service," at ¶¶ 265 – 275, the *Order* discusses extensively the scope of and a proposed case-by-case approach to preemption of NARUC's member commissions authority. For example, in ¶ 274, the *Order* rejects requests to preempt the California commissions' decisions "regulating rates for intrastate telephone service."   In ¶ 268, the *Order* declines "to categorically preempt all state or local regulation affecting BIAS." In  ¶ 271, it finds

no reason to preempt a state ". . .from independently enforcing the requirements imposed by our rules or by the state's parallel rules" because " . . . state enforcement generally supports our regulatory efforts by dedicating additional resources to monitoring and enforcement." The *Order* also clarifies in ¶ 275 that "the mere existence of a state affordability program is not rate regulation."

NARUC is recognized by Congress in several statutes[1] and consistently by the Courts[2] as well as a host of federal agencies,[3] as the proper entity to represent the collective interests of State utility commissions. NARUC cannot be adequately represented by any other party to this proceeding. NARUC filed comments and

---

[1]    *See* 47 U.S.C. §410(c) (1971) (Congress designated NARUC to nominate members of the Federal Communication Commission's Federal-State Joint Board to consider issues of common concern); *See also* 47 U.S.C. §254 (1996); *See also NARUC, et al. v. ICC*, 41 F.3d 721 (D.C. Cir 1994) (where this Court explains "Carriers, to get the cards, applied to…(NARUC), an interstate umbrella organization that, as envisioned by Congress, played a role in drafting the regulations that the ICC issued to create the "bingo card" system).

[2]    *See, e.g., U.S. v. Southern Motor Carrier Rate Conference, Inc.,* 467 F. Supp. 471 (N.D. Ga. 1979), *aff'd* 672 F.2d 469 (5th Cir. 1982), *aff'd en banc on reh'g,* 702 F.2d 532 (5th Cir. 1983), *rev'd on other grounds,* 471 U.S. 48 (1985) (where the Supreme Court notes: "The District Court permitted (NARUC) to intervene as a defendant. Throughout this litigation, the NARUC has represented the interests of the Public Service Commissions." 471 U.S. 52, n. 10. *See also, Indianapolis Power and Light Co. v. ICC*, 587 F.2d 1098 (7th Cir. 1982); *Washington Utilities and Transportation Commission v. FCC*, 513 F.2d 1142 (9th Cir. 1976); *Compare, NARUC v. FERC*, 475 F.3d 1277 (D.C. Cir. 2007); *NARUC v. DOE*, 851 F.2d 1424, 1425 (D.C. Cir. 1988); *NARUC v. FCC*, 737 F.2d 1095 (D.C. Cir. 1984), *cert. denied,* 469 U.S. 1227 (1985).

[3]    *Compare, NRC Atomic Safety and Licensing Board Memorandum and Order* (Granting Intervention to Petitioners and Denying Withdrawal Motion), LBP-10-11, *In the Matter of U.S. Department of Energy (High Level Waste Repository)* Docket No. 63-001-HLW; ASLBP No. 09-892-HLW-CAB04, mimeo at 31 (June 29, 2010) ("We agree with NARUC that, because state utility commissioners are responsible for protecting ratepayers' interests . . . these economic harms constitute its members' injury-in-fact.")

participated in the the proceeding below. NARUC's member commissions' ability to protect the public health and welfare (as well as state affordability and universal service programs permitted and arguably encouraged by federal law) will be impacted by any final decision in this appeal.

As a "party in interest in the proceeding before the agency whose interests will be affected" by this review proceeding, NARUC is entitled to intervene "as [a matter] of right." 28 U.S.C. § 2348.

Pursuant to Rule 26.1 of the Federal Rules of Appellate Procedure and 6 Cir. Rule 26.1, NARUC has filed a separate corporate disclosure statement confirming that (i) NARUC is a quasi-governmental corporation organized under the laws of the District of Columbia with its principle place of business in Washington, D.C., (ii) NARUC has no parent corporation, and (iii) no publicly traded company owns any equity interest in NARUC.

For the foregoing reasons, NARUC respectfully requests intervention in these proceedings.

**Respectfully submitted,**

*s/ James Bradford Ramsay*

***James Bradford Ramsay*****
GENERAL COUNSEL**

***Robert C. Cain, II***
**ASSISTANT GENERAL COUNSEL**

**National Association of Regulatory
 Utility Commissioners
1101 Vermont Avenue, NW, Suite 400
Washington, D.C. 20005
Telephone: (202) 257-0568
E-Mail: jramsay@naruc.org**

***Counsel of Record**

**DATED: June 25, 2024**

# CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT, TYPEFACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS

1. This document complies with the word limit of Fed. R. App. P. 27(d)(2)(A) of 5280 words because, excluding the parts of the document exempted by Fed. R. App. P. 32(f):

    X this document contains 905 words, or

    ☐ this brief uses a monospaced typeface and contains N/A lines of text.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because:

    X this document has been prepared in a proportionally spaced typeface using Microsoft Word 365 in 14-point Times New Roman font, or

    ☐ this document has been prepared in a monospaced typeface using N/A with N/A.

*/s/ James Bradford Ramsay*
**Attorney for the National Association of Regulatory Utility Commissioners**

## CERTIFICATE OF SERVICE

I hereby certify that, on June 25, 2024, as per 6 Cir. Rul 15, FRAP Rule 25 (c)(2), and 6 Cir. Rule I electronically filed the foregoing Motion to Intervene with the Clerk of the Court for the United States Court of Appeals for the Sixth Circuit using the appellate CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

*/s/ James Bradford Ramsay*
**Attorney for the National Association of Regulatory Utility Commissioners**