Nos. 24-7000 (lead), 24-3504, 24-3507

IN THE UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

IN RE: MCP NO. 185; OPEN INTERNET RULE (FCC 24-52)

BENTON INSTITUTE FOR BROADBAND & SOCIETY
and
MEDIA ALLIANCE,
*Petitioners,*

v.

FEDERAL COMMUNICATIONS COMMISSION
and UNITED STATES OF AMERICA,
*Respondents.*

**UNOPPOSED MOTION TO HOLD BRIEFING
IN ABEYANCE AND FOR ABEYANCE**

Petitioner in Docket No. 24-3507 Benton Institute for Broadband & Society ("Benton") and Petitioner in Docket No. 24-3504 Media Alliance (collectively, "Movants") respectfully move to these cases in abeyance and, therefore, to hold scheduled briefing in abeyance pending action on the request for abeyance. Respondents Federal Communications Commission ("FCC" or "Commission") and the United States do not oppose this motion.

Expedited consideration is respectfully requested.

The Commission now has before it a petition seeking agency reconsideration of the *Order* challenged here. That petition overlaps entirely with the issue as to which Petitioners have sought review in this Court. As explained below, because

the Commission's resolution of the petition for reconsideration might moot or alter the issue raised in Movants' petitions for review, and because the August 1, 2024 *Order* of this Court in No. 24-7000 makes it possible that other further action of this could likely render moot or alter the issue presented in Nos. 24-3504 and 24-3507, abeyance would be appropriate here. Further, in light of that August 1, 2024 *Order* establishing a highly expedited briefing schedule so that briefs in those two cases are currently due on August 12, 2024, Movants also ask that briefing in those cases be held in abeyance pending action on the request for abeyance.

The Movants' petitions for review in this case challenge one aspect of the *Order* adopted by the Commission in *Safeguarding and Securing the Open Internet; Restoring Internet Freedom, Declaratory Ruling, Order, Report and Order, and Order on Reconsideration,* Docket No. 17-108 and Docket No. 23-320 (released May 7, 2024) ("*Order*"). The only issue specified in each petition was a challenge to the FCC's decision to forbear from enforcement of 47 U.S.C. §254(d).[1]

In addition to the petitions for review filed by Movants, this Court is considering eight petitions for review which seek reversal or vacatur of the Order in

---

[1] Benton Institute for Broadband & Society Petition for Review, Docket No. 24-1162 (D.C. Cir, May 30, 2024) at 2-3 (seeking review of "the agency's determination 'to forbear from the first sentence of Section 254(d) [of the Communications Act] and our associated rules....'"); Media Alliance Petition for Review, Docket No. 24-3442 (9th Cir., May 31, 2024) at 2 (similar).

its entirety.[2] Benton has moved to intervene in support of the Respondents in those dockets; that motion is pending before this Court.[3]

On June 21, 2024, Affordable Broadband Campaign and WTA – Advocates for Rural Broadband jointly filed a timely petition for reconsideration with the FCC seeking agency reconsideration of precisely the same question.[4]

Courts of Appeal commonly hold proceedings in abeyance when overlapping petitions for administrative reconsideration have been filed.[5] That is the most prudent course here. If the Commission were to grant the petition for reconsideration in whole or in part, the agency's action could significantly alter or render moot the issues raised by the petitions for review in these two cases.

---

[2] Those cases are docketed as Nos. 24-3449, 24-3450, 24-3497, 24-3508, 24-3510, 24-3511, 24-3519, and 24-3538.

[3] Benton Unopposed Motion to Intervene (June 27, 2024).

[4] *See* Petition for Reconsideration of Affordable Broadband Campaign and WTA – Advocates for Rural Broadband in FCC Docket No. 23-320 (June 21, 2024) at 1 (seeking "reconsideration of the decision... to forbear from applying the first sentence of section 254(d) and the associated rules...."). Available at https://www.fcc.gov/ecfs/search/search-filings/filing/1062194116631.

[5] *See, e.g., Pascual-Esteban v. Garland,* 2021 U.S. App. LEXIS 11791 (6th Cir. 2020); *Twenty-First Century Fox, Inc. v. FCC*, No. 16-1375 (order issued Dec. 21, 2016); *U.S. Telecom Ass'n v. FCC*, No. 15-1322 (order issued Jan. 14, 2016); *Sprint Nextel Corp. v. FCC*, No. 06-1278 (order issued Dec. 6, 2006); *EchoStar Satellite LLC v. FCC*, No. 04-1033 (order issued June 7, 2004); *Northpoint Tech., Ltd. v. FCC*, No. 021194 (order issued Aug. 29, 2002). *See also Nat'l Truck Equp. Ass'n v. Nat;l Highway Traffic Safety Administration*, 711 F.3d 662, 666 (6th Cir. 2013).

Moreover, were this Court to grant the eight other petitions for review, such action would likely render moot the issue raised in Dockets 24-3504 and 24-3507.[6]

In light of the pendency of the petition for reconsideration and this Court's August 1, 2024 *Order*, it could well be a waste of resources for the parties and this Court to consider the issues in Docket Nos. 24-3504 and 24-3507 at this time. It would therefore be "the proper course" to serve judicial economy and protect the interests and resources of the parties "to hold the appeal in abeyance pending the Commission's further proceedings, keeping the record open for supplementation to reflect those proceedings." *Wrather-Alvarez Broad., Inc. v. FCC*, 248 F. 2d 646, 649 (D.C. Cir. 1957); *see also Am. Petrol. Inst. v. EPA*, 683 F.3d 382, 386–89 (D.C. Cir. 2012).

For the foregoing reasons, the Court should grant this motion, hold briefing in abeyance while considering whether to place this case in abeyance pending Commission action on the petitions for agency reconsideration and in the other petitions for review pending in this Court, and grant all such other relief as may be just and proper.

---

[6]By *Order* dated August 1, 2024, a panel of this Court stayed the FCC's *Order*, finding that the eight other petitioners have demonstrated a substantial likelihood of success on the merits. *Order*, In re: MCP 185 (August 1, 2024).

          Respectfully submitted,

          /s/ Andrew Jay Schwartzman

          Andrew Jay Schwartzman
          525 Ninth Street, NW
          Seventh Floor
          Washington, DC 20004
          (202) 241-2408
          AndySchwartzman@gmail.com

August 6, 2024

## CERTIFICATE OF COMPLIANCE

I certify that the foregoing Unopposed Motion to Hold Briefing in Abeyance and for Abeyance complies with the type-volume limitations of Federal Rule of Appellate Procedure 27(d)(2) because it contains 882 words. I further certify that this Motion complies with the typeface requirements of Rule 32(a)(5) and the type-style requirements of Rule 32(a)(6) because it has been prepared in a proportionally spaced typeface using Corel WordPerfect in Times New Roman 14-point font.

                                      Respectfully submitted,

                                      /s/ Andrew Jay Schwartzman

                                      Andrew Jay Schwartzman  
                                      525 Ninth Street, NW  
                                      Seventh Floor  
                                      Washington, DC 20004  
                                      (202) 241-2408  
                                      AndySchwartzman@gmail.com

August 6, 2024

## CERTIFICATE OF SERVICE

I certify that on this 6th day of August, 2024, I electronically filed the foregoing Unopposed Motion to Hold Briefing in Abeyance and for Abeyance with the Clerk of the Court for the United States Court of Appeals for the Sixth Circuit using the Court's appellate CM/ECF system. I further certify that service was accomplished on all participants in the case via the Court's CM/ECF system.

Respectfully submitted,

/s/ Andrew Jay Schwartzman

525 Ninth Street, NW
Seventh Floor
Washington, DC 20004
(202) 241-2408
AndySchwartzman@gmail.com