**Nos. 24-7000 (lead), 24-3449, 24-3450, 24-3497,
24-3508, 24-3510, 24-3511, 24-3519, 24-3538**

# In the United States Court of Appeals for the Sixth Circuit

IN RE: MCP NO. 185: FEDERAL COMMUNICATIONS COMMISSION, IN THE MATTER OF SAFEGUARDING AND SECURING THE OPEN INTERNET, DECLARATORY RULING, ORDER, REPORT AND ORDER, AND ORDER ON RECONSIDERATION, FCC 24-52, 89 FED. REG. 45404, PUBLISHED MAY 22, 2024

On Petitions for Review

**RESPONSE OF PETITIONERS OHIO TELECOM ASSOCIATION, USTELECOM – THE BROADBAND ASSOCIATION, OHIO CABLE TELECOMMUNICATIONS ASSOCIATION, NCTA – THE INTERNET & TELEVISION ASSOCIATION, CTIA – THE WIRELESS ASSOCIATION, WIRELESS INTERNET SERVICE PROVIDERS ASSOCIATION, ACA CONNECTS – AMERICA'S COMMUNICATIONS ASSOCIATION, FLORIDA INTERNET & TELEVISION ASSOCIATION, MCTA – THE MISSOURI INTERNET & TELEVISION ASSOCIATION, AND TEXAS CABLE ASSOCIATION TO MOTION FOR ABEYANCE**

| | |
|---|---|
| HELGI C. WALKER | JEFFREY B. WALL |
| JONATHAN C. BOND | MORGAN L. RATNER |
| RUSSELL B. BALIKIAN | ZOE A. JACOBY |
| GIBSON DUNN & CRUTCHER LLP | SULLIVAN & CROMWELL LLP |
| 1050 Connecticut Avenue NW | 1700 New York Avenue NW |
| Washington, DC 20036 | Washington, DC 20006 |
| (202) 955-8500 | (202) 956-7500 |
| | |
| *Counsel for CTIA – The Wireless Association* | *Counsel for Ohio Telecom Association, USTelecom – The Broadband Association, and NCTA – The Internet & Television Association* |

*(Additional counsel on next page)*

MATTHEW A. BRILL
MATTHEW T. MURCHISON
LATHAM & WATKINS LLP
555 11th Street NW, Suite 1000
Washington, DC 20004
(202) 637-2200

*Counsel for Ohio Cable Telecommunications Association, NCTA – The Internet & Television Association, Florida Internet & Television Association, MCTA – The Missouri Internet & Television Association, and Texas Cable Association*

JEFFREY A. LAMKEN
RAYINER I. HASHEM
JENNIFER E. FISCHELL
JACKSON A. MYERS
MOLOLAMKEN LLP
600 New Hampshire Avenue NW, Suite 500
Washington, DC 20037
(202) 556-2000

*Counsel for ACA Connects – America's Communications Association*

MAXWELL F. GOTTSCHALL
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY 10004
(212) 558-4000

*Counsel for Ohio Telecom Association, USTelecom – The Broadband Association, and NCTA – The Internet & Television Association*

THOMAS M. JOHNSON, JR.
JOSHUA S. TURNER
JEREMY J. BROGGI
BOYD GARRIOTT
WILEY REIN LLP
2050 M Street NW
Washington, DC 20036
(202) 719-7000

STEPHEN E. CORAN
LERMAN SENTER PLLC
2001 L Street NW, Suite 400
Washington, DC 20036
(202) 429-8970

*Counsel for WISPA – The Association for Broadband Without Boundaries*

ii

## RESPONSE TO MOTION FOR ABEYANCE

On August 6, petitioners Benton Institute for Broadband & Society and Media Alliance (together, the Benton Petitioners) filed a "motion to hold briefing in abeyance and for abeyance." ECF No. 74. To be clear, Industry Petitioners and the Benton Petitioners take opposite views of the FCC Order at issue. Industry Petitioners contend that the FCC's Title II reclassification of broadband is unlawful and arbitrary and capricious. Meanwhile, the Benton Petitioners largely support that reclassification and have brought only a narrow challenge to the Commission's decision to forbear from Section 254(d)—*i.e.*, they seek to compel the agency to regulate even *more* aggressively under Title II by requiring broadband providers to contribute to the federal universal service fund. *See* Mot. 1. The Benton Petitioners now ask this Court to hold "these cases in abeyance" in light of a petition for reconsideration other Title II supporters filed in late June, which is currently pending before the agency and which challenges the Order on the same narrow grounds that the Benton Petitioners do. *Id.* at 1-2. Petitioner National Consumer Law Center raises the same narrow issue as the Benton Petitioners but does not join their motion. *See* Docket No. 24-3517. It is unclear whether

the motion for abeyance extends to this petition as well, but the same rationale would presumably apply there.

It appears, although it is not entirely clear from the motion, that the Benton Petitioners seek to hold only their own cases and briefing in abeyance (Docket Nos. 24-3504 and 24-3507, and presumably by implication No. 24-3517 as well), and that they are not asking this Court to hold *all* of the consolidated cases in abeyance, including the cases brought by Industry Petitioners. Lest there be any doubt, Industry Petitioners would oppose the latter. This Court plainly should not hold Industry Petitioners' cases in abeyance, nor should it pause the briefing of Industry Petitioners' cases while it considers the abeyance motion. A panel of this Court granted Industry Petitioners' motion for a stay of the Commission's Order and entered an expedited briefing schedule under which Industry Petitioners must file their opening brief by August 12. ECF No. 71-2 at 9. Holding Industry Petitioners' briefing in abeyance now would undermine the urgency reflected in the panel's expedited-briefing order.

Moreover, the Benton Petitioners' reasons for seeking abeyance do not apply to Industry Petitioners' cases. The Benton Petitioners contend that they plan to challenge "precisely the same" aspect of the Order at issue in the

pending petition for reconsideration: the Commission's "decision to forbear from enforcement of 47 U.S.C. § 254(d)." Mot. 2-3. Thus, they argue, the Commission's resolution of that reconsideration petition could "significantly alter or render moot the issues raised by the petitions for review in these two [*i.e.*, the Benton Petitioners'] cases." *Id.* at 3. The petition for reconsideration has no effect on Industry Petitioners' cases, which ask this Court to set aside the Commission's Order in its entirety. Indeed, the opposite is true: Industry Petitioners' success in their cases—which a panel of this Court has already deemed likely—would moot the reconsideration petition. There is thus no basis to hold Industry Petitioners' cases in abeyance. *See MCI Telecomms. Corp.* v. *FCC*, 143 F.3d 606, 608 (D.C. Cir. 1998) (finding "no reason . . . to delay deciding the issues" when the Commission's "treatment of the petitions for reconsideration [would] not shed light on [the] threshold matter" in the case).

Assuming, however, that the Benton Petitioners ask for only their *own* petitions to be held in abeyance, Industry Petitioners do not oppose that request, so long as it does not affect Industry Petitioners' challenges. If this Court grants the Benton Petitioners' motion, it should bifurcate the Benton Petitioners' briefing schedule from Industry Petitioners' briefing schedule, and confirm that Industry Petitioners' cases will move forward on the schedule

3

set by the panel. That sequencing is logical and consistent with principles of judicial economy. After this Court decides Industry Petitioners' cases, the Benton Petitioners can assess what is left of their own cases and determine whether they have any live claims remaining. In the interim, briefing and oral argument will be streamlined by focusing on the core dispute between Industry Petitioners and the Commission about the proper classification of broadband under Title I or Title II.

Respectfully submitted,

/s/ Helgi C. Walker
HELGI C. WALKER
JONATHAN C. BOND
RUSSELL B. BALIKIAN
GIBSON DUNN & CRUTCHER LLP
1050 Connecticut Avenue NW
Washington, DC 20036
(202) 955-8500

*Counsel for CTIA – The Wireless Association*

/s/ Jeffrey B. Wall
JEFFREY B. WALL
MORGAN L. RATNER
ZOE A. JACOBY
SULLIVAN & CROMWELL LLP
1700 New York Avenue NW
Washington, DC 20006
(202) 956-7500

MAXWELL F. GOTTSCHALL
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY 10004
(212) 558-4000

*Counsel for Ohio Telecom Association, USTelecom – The Broadband Association, and NCTA – The Internet & Television Association*

4

s/ Matthew A. Brill
MATTHEW A. BRILL
MATTHEW T. MURCHISON
LATHAM & WATKINS LLP
555 11th Street NW, Suite 1000
Washington, DC 20004
(202) 637-2200

*Counsel for Ohio Cable Telecommunications Association, NCTA – The Internet & Television Association, Florida Internet & Television Association, MCTA – The Missouri Internet & Television Association, and Texas Cable Association*

s/ Jeffrey A. Lamken
JEFFREY A. LAMKEN
RAYINER I. HASHEM
JENNIFER E. FISCHELL
JACKSON A. MYERS
MOLOLAMKEN LLP
600 New Hampshire Avenue NW
Suite 500
Washington, DC 20037
(202) 556-2000

*Counsel for ACA Connects – America's Communications Association*

s/ Thomas M. Johnson, Jr.
THOMAS M. JOHNSON, JR.
JOSHUA S. TURNER
JEREMY J. BROGGI
BOYD GARRIOTT
WILEY REIN LLP
2050 M Street NW
Washington, DC 20036
(202) 719-7000

STEPHEN E. CORAN
LERMAN SENTER PLLC
2001 L Street NW, Suite 400
Washington, DC 20036
(202) 429-8970

*Counsel for WISPA – The Association for Broadband Without Boundaries*

AUGUST 7, 2024

5

## CERTIFICATE OF COMPLIANCE

This response complies with Federal Rule of Appellate Procedure 27(d) because it contains 720 words.

This response also complies with the requirements of Federal Rules of Appellate Procedure 27(d) and 32(a) because it was prepared in 14-point font using a proportionally spaced typeface.

                                                s/ Jeffrey B. Wall
                                                JEFFREY B. WALL

AUGUST 7, 2024

## CERTIFICATE OF SERVICE

I hereby certify that on August 7, 2024, I electronically filed the foregoing response with the Clerk of Court for the U.S. Court of Appeals for the Sixth Circuit using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

s/ Jeffrey B. Wall
JEFFREY B. WALL

AUGUST 7, 2024