**Nos. 24-7000 (lead), 24-3504, 24-3507**

**IN THE UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

IN RE: MCP NO. 185; OPEN INTERNET RULE (FCC 24-52)

BENTON INSTITUTE FOR BROADBAND & SOCIETY
and
MEDIA ALLIANCE,
*Petitioners,*
v.
FEDERAL COMMUNICATIONS COMMISSION
and UNITED STATES OF AMERICA,
*Respondents.*

**REPLY TO OPPOSITION TO UNOPPOSED MOTION TO HOLD BRIEFING IN ABEYANCE AND FOR ABEYANCE**

Petitioner in Docket No. 24-3507 Benton Institute for Broadband & Society ("Benton") and Petitioner in Docket No. 24-3504 Media Alliance (collectively, "Movants") respectfully respond to the August 7, 2024 joint response of Ohio Telecom, *et al.* ("ISP Petitioners")[1] to their August 6, 2024 Unopposed Motion to Hold Briefing in Abeyance.

The ISP Petitioners state, at page 2, that

> it is not entirely clear from the motion, that the Benton Petitioners seek to hold only their own cases and briefing in abeyance (Docket Nos. 24-3504 and 24-3507, and presumably by implication No. 24-3517 as well), and that they are not asking this Court to hold all of the

---

[1] The ISP Petitioners have not moved to intervene in Dockets 24-3504 and 24-3507 and arguably have no right to filed their opposition absent leave of this Court.

consolidated cases in abeyance, including the cases brought by Industry Petitioners.[2]

To the contrary, it is crystal clear that the relief requested is only as to the two dockets in which it was filed.[3] The sole basis for seeking abeyance is the pendency of a recently-filed petition for reconsideration addressing the same issue as that raised here by Movants.

Inasmuch as the ISP Petitioners do not oppose relief limited to Dockets 24-3504 and 24-3507, Movants ask that this Court proceed to act as expeditiously as possible on their motion with respect to Docket Nos. 24-3504 and 24-3507.

Respectfully submitted,

/s/ Andrew Jay Schwartzman

Andrew Jay Schwartzman
525 Ninth Street, NW
Seventh Floor
Washington, DC 20004
(202) 241-2408
AndySchwartzman@gmail.com

August 7, 2024

---

[2] The motion was filed on behalf of Benton and Media Alliance. Undersigned counsel has not appeared on behalf of the National Consumer Law Center, petitioner in Docket No. 24-3517, and the motion does not mention that case. The relief requested is specific only as to Docket Nos. 24-3504 and 24-3507.

[3] Had Benton wished otherwise, as a proposed intervenor in the ISP Petitioners' dockets, it could have, but did not, advert to those cases in the motion, or seek leave to file in the ISP Petitioners' dockets.

# CERTIFICATE OF COMPLIANCE

I certify that the foregoing Unopposed Motion to Hold Briefing in Abeyance and for Abeyance complies with the type-volume limitations of Federal Rule of Appellate Procedure 27(d)(2) because it contains 311 words.  I further certify that this Motion complies with the typeface requirements of Rule 32(a)(5) and the type-style requirements of Rule 32(a)(6) because it has been prepared in a proportionally spaced typeface using Corel WordPerfect in Times New Roman 14-point font.

    Respectfully submitted,

    /s/ Andrew Jay Schwartzman

    Andrew Jay Schwartzman
    525 Ninth Street, NW
    Seventh Floor
    Washington, DC 20004
    (202) 241-2408
    AndySchwartzman@gmail.com

August 7, 2024

# CERTIFICATE OF SERVICE

   I certify that on this 7th day of August, 2024, I electronically filed the foregoing Unopposed Motion to Hold Briefing in Abeyance and for Abeyance with the Clerk of the Court for the United States Court of Appeals for the Sixth Circuit using the Court's appellate CM/ECF system. I further certify that service was accomplished on all participants in the case via the Court's CM/ECF system.

         Respectfully submitted,

         /s/ Andrew Jay Schwartzman

         525 Ninth Street, NW
         Seventh Floor
         Washington, DC 20004
         (202) 241-2408
         AndySchwartzman@gmail.com