**Nos. 24-7000 (lead), 24-3449, 24-3450, 24-3497, 24-3508, 24-3510, 24-3511, 24-3519, 24-3538**

# In the United States Court of Appeals for the Sixth Circuit

IN RE: MCP NO. 185: FEDERAL COMMUNICATIONS COMMISSION, IN THE MATTER OF SAFEGUARDING AND SECURING THE OPEN INTERNET, DECLARATORY RULING, ORDER, REPORT AND ORDER, AND ORDER ON RECONSIDERATION, FCC 24-52, 89 FED. REG. 45404, PUBLISHED MAY 22, 2024

On Petitions for Review

## UNOPPOSED MOTION TO PARTICIPATE IN ORAL ARGUMENT

YANNI CHEN
MATTHEW F. WOOD
FREE PRESS
1025 Connecticut Ave. NW, #1110
Washington, DC 20036
(202) 265-1490
*Counsel for Free Press*

RAZA PANJWANI
OPEN TECHNOLOGY INSTITUTE
NEW AMERICA
740 15th Street NW, #900
Washington, DC 20005
(202) 986-2700
*Counsel for OTI*

DANIEL WOOFTER
  *Counsel of Record*
KEVIN RUSSELL
GOLDSTEIN, RUSSELL &
  WOOFTER LLC
1701 Pennsylvania Ave. NW, #200
Washington, DC 20006
(202) 240-8433
*Counsel for Free Press, OTI, and Public Knowledge*

JOHN BERGMAYER
HAROLD FELD
PUBLIC KNOWLEDGE
1818 N Street NW, #410
Washington, DC 20036
(202) 861-0020
*Counsel for Public Knowledge*

*(Additional counsel on next page)*

ANDREW JAY SCHWARTZMAN
525 Ninth Street, NW
Seventh Floor
Washington, DC 20004
(202) 241-2408
*Counsel for Benton Institute for*
*Broadband & Society*

JAMES BRADFORD RAMSAY
ROBERT CAIN
NATIONAL ASSOCIATION OF
  REGULATORY UTILITY
  COMMISSIONERS
1101 Vermont Ave. NW, #400
Washington, DC 20005
(202) 257-0568
*Counsel for NARUC*

## UNOPPOSED MOTION TO PARTICIPATE
## IN ORAL ARGUMENT

Intervenors Free Press, New America's Open Technology Institute, Public Knowledge, Benton Institute for Broadband & Society, and National Association of Regulatory Utility Commissioners move for leave to participate in oral argument in the above-captioned case. *See* 6 Cir. R. 34(e) ("An intervening party may request oral argument. The request must be in writing; state whether the named parties have consented; and state the reason separate argument is needed.").

Specifically, intervenors seek 7 minutes of argument time and a commensurate 7 additional minutes for petitioners, a total of 14 additional minutes of argument time. If the Court denies that request, intervenors seek 3 minutes of respondents' allotted argument time. Undersigned reached out to the parties to seek their consent. "Respondents consent to divided argument and to intervenors' request for additional argument time. If the Court declines to allocate additional time, respondents will be willing to cede three minutes of their argument time to intervenors." Petitioners "take no position."

In support of this motion, intervenors state as follows:

1.      On September 24, 2024, this Court granted intervenors'
motions to intervene and accepted their Tendered Joint Intervenor Brief
filed on September 12, 2024. ECF No. 158.

2.      The Court has scheduled oral argument for October 31, 2024,
at 8:30 AM. ECF No. 124.

3.      As evidenced in their motions to intervene as of right, which
this Court granted, intervenors have a significant interest in the outcome
of this case. Each intervention motion explained that under 28 U.S.C.
§ 2348, intervenors are entitled to participate in the case "as of right"
because they are "part[ies] in interest in the proceeding … whose interests
will be affected if an order of the agency is or is not … set aside." *See* ECF
Nos. 50, 55, 58.

4.      Intervenors' participation in oral argument would assist the
Court in its consideration of the issues presented in this appeal because
intervenors emphasize arguments regarding a central issue in the case
that neither party raised nor addressed. As the Court is aware, having
ordered expedited briefing on the question, a central issue in the case is
whether the major-questions doctrine applies to the FCC's classification
of wired and wireless BIAS as a Title I or Title II service under the

Communications Act. And while the parties had to also address other issues in the case that limited the space they could spend on that question in their briefing, intervenors were not similarly constrained. Thus, intervenors raised arguments important to how this Court answers that central question that no party addressed in the briefing. *Compare, e.g.*, Intervenors' Br. 37-41 (explaining that *Brand X* precludes application of the major-questions doctrine) *with* Reply Br. 3-10 (petitioners not addressing this argument).

5.    Intervenors' participation would not prejudice any party or unduly extend the length of the oral argument, as evidenced by the fact that no party opposes the relief intervenors seek. Intervenors request only 7 minutes each for themselves and for petitioners; combined, the additional 14 minutes is less than the time typically allotted to a party for oral argument. *See* 6 Cir. R. 34(f)(1) ("**Generally**. Each side has 15 minutes for oral argument ... ."). If the Court rejects that request for additional argument time, intervenors can still participate without prejudicing any party—again, "[i]f the Court declines to allocate additional time, respondents will be willing to cede three minutes of their argument time to intervenors," and petitioners take no position.

3

## CONCLUSION

The Court should grant the unopposed motion and allocate 7 minutes of argument time to intervenors and an additional 7 minutes to petitioners. If the Court declines that request, it should allow intervenors to use 3 of the minutes previously allotted to respondents.

Respectfully submitted,

/s/ *Daniel Woofter*
DANIEL WOOFTER
KEVIN RUSSELL
GOLDSTEIN, RUSSELL &
  WOOFTER LLC
1701 Pennsylvania Ave. NW, #200
Washington, DC 20006
(202) 240-8433
*Counsel for Free Press, OTI, and*
*Public Knowledge*

JOHN BERGMAYER
HAROLD FELD
PUBLIC KNOWLEDGE
1818 N Street NW, #410
Washington, DC 20036
(202) 861-0020
*Counsel for Public Knowledge*

YANNI CHEN
MATTHEW F. WOOD
FREE PRESS
1025 Connecticut Ave. NW, #1110
Washington, DC 20036
(202) 265-1490
*Counsel for Free Press*

4

RAZA PANJWANI
OPEN TECHNOLOGY INSTITUTE
NEW AMERICA
740 15th Street NW, #900
Washington, DC 20005
(202) 986-2700
*Counsel for OTI*

ANDREW JAY SCHWARTZMAN
525 Ninth Street, NW
Seventh Floor
Washington, DC 20004
(202) 241-2408
*Counsel for Benton Institute for Broadband & Society*

JAMES BRADFORD RAMSAY
ROBERT CAIN
NATIONAL ASSOCIATION OF
  REGULATORY UTILITY
  COMMISSIONERS
1101 Vermont Ave. NW, #400
Washington, DC 20005
(202) 257-0568
*Counsel for NARUC*

October 14, 2024

## CERTIFICATE OF COMPLIANCE

This brief complies with Fed. R. App. P. 32(a) because it contains 622 words.

This brief further complies with the requirements of Fed. R. App. P. 32(a) because it was prepared in a 14-point font using a proportionally spaced typeface.

/s/    *Daniel Woofter*
Daniel Woofter

October 14, 2024

# CERTIFICATE OF SERVICE

I hereby certify that on October 14, 2024, I electronically filed the foregoing brief with the Clerk of Court for the U.S. Court of Appeals for the Sixth Circuit using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

/s/   *Daniel Woofter*
Daniel Woofter

October 14, 2024