

# Federal Communications Commission

## Office of General Counsel—Litigation Division
45 L Street NE • Washington, DC 20554
Tel: (202) 418-1740 • Fax: (202) 418-2819

November 13, 2024

Kelly L. Stephens, Clerk of Court
U.S. Court of Appeals for the Sixth Circuit
540 Potter Stewart U.S. Courthouse
100 E. Fifth Street
Cincinnati, OH 45202-3988
(513) 564-7000

Re:   *In re MCP No. 185: Open Internet Rule*, Nos. 24-7000 (lead), 24-3449, 24-3450, 24-3497, 24-3508, 24-3510, 24-3511, 24-3519, and 24-3538

Dear Ms. Stephens:

Petitioners' November 1 letter points at examples of "internal operations" that Petitioners argue are covered by the telecommunications-management exception to the definition of "information service" found in 47 U.S.C. §153(24). As our brief and the *Order* explain, DNS and caching themselves have substantial inward-facing benefits, so Petitioners' effort to distinguish those services fails even on that assumption. Resp. Br. 39–40 nn.7–8; *Order* ¶137 (A86), ¶139 (A87–88).

To the extent Petitioners suggest that the exception is limited *only* to inward-facing benefits, however, the *Order* explains that such a limitation has no basis in the text or history of the statute. *See Order* ¶¶135–136 (A83-85). Even under the Modification of Final Judgment ending the antitrust case against AT&T, the exception applied to "directory assistance," a service "which unambiguously provides benefits for callers." *Order* ¶171 (A111). So too under the *Computer Inquiries* precedent governing the predecessor "adjunct-to-basic" exception. *See* Resp. Br. 5, 9–10, 38–39 (discussing directory assistance, address translation, and other routing features). It would be wrong to say that the tires included on a new car are not "for the management, control, or operation of a [motor-vehicle] system" because steering, traction, efficiency, and durability are user-facing benefits. "It is therefore not the case * * * that the primary or exclusive benefit of a service that falls within the telecommunications systems management exception must be directed to the providers' operations." *Order* ¶136 (A85).

Kelly L. Stephens, Clerk of Court
November 13, 2024
Page 2 of 2

                                                    Respectfully submitted,

                                                    <u>/s/  *Jacob M. Lewis*</u>

                                                    P. Michele Ellison
                                                  *General Counsel*

                                                  Jacob M. Lewis
                                                 *Deputy General Counsel*

                                                  Sarah E. Citrin
                                                 *Deputy Associate General Counsel*

                                                  Scott M. Noveck
                                                 *Counsel*

cc:       All Counsel (via CM/ECF)

## CERTIFICATE OF FILING AND SERVICE

I, Jacob M. Lewis, hereby certify that on November 13, 2024, I filed the foregoing Response with the Clerk of the Court for the United States Court of Appeals for the Sixth Circuit using the electronic CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

*/s/ Jacob M. Lewis*

Jacob M. Lewis
Deputy General Counsel

Federal Communications Commission
Washington, D.C. 20554
(202) 418-1740
